UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WHO DAT YAT CHAT, LLC                         CIVIL ACTION

VERSUS                                         NO: 10-1333
                                               REF: 13-280

WHO DAT, INC.                                  SECTION: "J" (4)

## ORDER AND REASONS

Before the Court are Plaintiff Keith Moody d/b/a Monogram Express ('Monogram')'s **Motion to Remand (Rec. Doc. 552)** and Defendant Who Dat, Inc. ("WDI")'s opposition thereto **(Rec. Doc. 563)**. Defendant's motion was set for hearing on April 10, 2013, on the briefs. The Court, having considered the motion and memoranda of counsel, the record, and the applicable law, finds that Monogram's motion should be **GRANTED** for the reasons set forth below.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

This suit arises out of claims made under Louisiana Revised Statute § 51:219, seeking cancellation of two state-registered trademarks, and claims for judicial dissolution of a settlement

1

agreement made under the Louisiana Civil Code. Monogram filed suit in the Civil District Court for Orleans Parish on November 19, 2012. WDI was served on January 15, 2013, and filed a Notice of Removal with this Court on February 14, 2013.

Upon removal, Monogram's action was consolidated with case number 10-1333, Who Dat Yat Chat, LLC v. Who Dat, Inc. ("Who Dat case"). The Who Dat case was terminated on October 29, 2012, after Monogram, Storyville Apparel LLC, and WDI (the last remaining parties to the litigation) entered into a final settlement agreement. The parties entered their settlement into the record in front of Magistrate Judge Roby two days later on October 31, 2012. It is this settlement agreement as well as two February 2012 trademark registrations that are the focus of the current litigation.[1]

In its Notice of Removal, WDI asserts that this Court has jurisdiction under 28 U.S.C. § 1441(b) because Monogram's claim under Louisiana Revised Statute § 51:219 requires the Court to resolve issues of federal law, namely trademark questions that are governed by the Lanham Act. Thus, WDI argues that this case was properly removed because the Court has original federal

---

[1] Monogram asserts that the February 2012 trademark registrations were not the subject of any prior actions before this Court. Pl.'s Mem. in Supp. of Mot. to Remand, Rec. Doc. 552-1, p. 2.

question jurisdiction over this action. See 28 U.S.C. §§ 1331, 1338, 1441.

Likewise, WDI contends that the Court has jurisdiction under the All Writs Act, 28 U.S.C. § 1651. In particular, WDI argues that the federal district court retained jurisdiction of the settlement agreement at issue in this case. Thus, WDI asserts that because the federal district court retained jurisdiction, only this Court, not the state court, can enforce the settlement agreement.

Monogram filed its Motion to Remand on March 12, 2013. WDI responded in opposition on April 2, 2013.

**THE PARTIES' ARGUMENTS**

In its motion, Monogram argues that this case should be remanded to state court because the Court lacks subject matter jurisdiction. With respect to Monogram's trademark cancellation claims, Monogram asserts that (1) the trademarks at issue in this case were not at issue in the previous Who Dat case; and that (2) these state issued trademark registrations do not require the court to evaluate their validity under the Lanham Act. Rather, Monogram asserts that the trademarks only require the court to look at state law. Thus, Monogram claims that no substantial question of federal law comprises any essential element of its

3

claims under Louisiana Revised Statute § 51:219 and, as such, this case should be remanded to state court.

Monogram also asserts that its breach of contract claim is governed by state law. Specifically, Monogram contends that this Court did not expressly retain jurisdiction over the settlement agreement or incorporate the settlement agreement into its dismissal order. Monogram argues that without having done one of those two things when the settlement agreement was originally before it, the Court cannot exercise jurisdiction over it now. Monogram asserts that as it currently stands, this breach of contract claim is simply a state law issue that must be decided in state court.

Lastly, Monogram contends that WDI's removal of this case was unreasonable and that the Court should award attorney's fees.

In response, WDI reiterates the arguments that it raised in its original Notice of Removal, and it also expounds upon them as follows. First, with regard to Monogram's trademark cancellation claim, WDI directs the Court to the June 2, 2010 Order and Reasons that it issued in the original Who Dat case.[2] WDI argues that in that order, this Court considered a similar motion to remand and found that the Court had subject matter jurisdiction

---

[2] June 2, 2010 Order and Reasons, Rec. Doc. 20.

under the Lanham Act. Specifically, WDI asserts that the Court relied on Brocato v. Angelo Brocato Ice Cream & Confectionary, Inc., No. 03-1316, 2003 WL 21715022 (E.D. La. July 22, 2003), and determined that Who Dat Yat Chat, LLC, the plaintiff in question in the Who Dat case, had asserted federal claims. WDI explains that Brocato found that plaintiffs were not allowed to transform federal claims into state law claims merely by pleading only state court actions. WDI argues that in the instant case, Monogram has done just that, pleading only state court actions in an effort to transform its federal claims. Thus, WDI urges the Court to follow its reasoning in the June 2, 2010 Order and Reasons and the reasoning of the Brocato court and to find that essential elements of Monogram's state law claims rest on federal law and, therefore, that this case must remain in federal court.

Furthermore, WDI also asserts that this Court retained jurisdiction over the settlement. WDI contends that the Court expressed its intent to retain jurisdiction over the settlement by allowing the parties to read the settlement agreement into the record on October 31, 2012. Likewise, WDI notes that at least twice during the reading of the settlement, Magistrate Judge Roby indicated her intent to enforce the settlement agreement. Moreover, WDI asserts that on at least two other occasions (the

same day the settlement agreement was entered and on November 14, 2012), Magistrate Judge Roby actually oversaw disputes regarding enforcement of the settlement agreement. In particular, WDI notes that Judge Roby reviewed the exact confidentiality concerns raised in Monogram's state court petition.

Finally, WDI contends that its removal of this case was not unreasonable and that any award of attorney's fees is purely at the discretion of the Court.

## DISCUSSION

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). As the removing party, the defendant bears the burden of proving by a preponderance of the evidence that federal jurisdiction exists at the time of removal. De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). Because federalism concerns are inherent in the removal of a case from the state court system, the removal statute is strictly construed, and any doubt as to the propriety of removal must be resolved in favor of remand. Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

When determining whether a cause of action presents a federal question, courts look to the "well-pleaded" allegations

of the complaint. Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 366 (5th Cir. 1995). A suit is determined to arise under federal law "when the plaintiff's statement of his own cause of action shows that it is based upon federal law." Brocato, 2003 WL 21715022 at * 2 (citing Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003)). "'A defendant may not remove on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is an element, and an essential one, of the plaintiff's cause of action.'" Carpenter, 44 F.3d at 366 (quoting Gully v. First Nat'l Bank, 299 U.S. 109, 111 (1936)). As such, the plaintiff is the master of his or her complaint. Id. Where the plaintiff has a choice between federal and state law, the plaintiff may choose to proceed solely under his or her state law claims, thereby defeating removal. Id. However, a "plaintiff cannot defeat removal by 'artfully pleading' claims so to omit necessary federal questions . . . ." Brocato, 2003 WL 21715022 at *2 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)). Likewise, "even where state law creates the cause of action, federal jurisdiction might by available if a disputed issue of federal law is a substantial and necessary element of plaintiff's well-pleaded state claims." Id. (citing Franchise Tax. Bd. v. Constr. Laborers Vacation Trust,

7

463 U.S. 1, 13 (1983)). If the court determines that at least one claim in the original complaint is removable, then the entire action may be removed. 28 U.S.C. § 1441(c)(B).

The Court begins its analysis by looking to the claims as pleaded in Monogram's original petition. With regard to Monogram's first cause of action, Monogram alleges that this action arises under "La. R.S. 51:219 for an order cancelling Louisiana Trademark Registration No. 63-4800, for WHO DAT?, issued 7 February 2012, and Louisiana Trademark Registration No. 63-4820, for WHO DAT, issued 8 February 2012." Ex 4 to Def.'s Opp., Rec. Doc. 563-4, p. 1 ¶ 3. Monogram asserts that WDI "does not, in truth, own trademarks in WHO DAT? or WHO DAT for any of the . . . good or services [listed in the trademark] because the mark cannot possible serve as an identifier of the source of any goods or services, and the registrations were granted improperly."  Ex 4 to Def.'s Opp., Rec. Doc. 563-4, p. 2 ¶ 10. Monogram also states that these trademarks were not at issue in the previous Who Dat case.

Based on Monogram's petition, the Court cannot say that Monogram's suit arises under federal law. In particular, the Court finds the June 2, 2010 Order and Reasons in the original Who Dat case and Brocato distinguishable from the instant case.

For example, in the June 2, 2010 Order and Reasons, the Court found that a federal cause of action existed where (1) Who Dat Yat Chat, LLC (the plaintiff) had failed to cite any enumerated state law cause of action;[3] (2) the only reference that Who Dat Yat Chat, LLC made to the law was to mention that the defendant owned a "United States Federal Trade Mark Registration;" and (3) Who Dat Yat Chat, LLC had filed its suit specifically to contest the defendant's own attempts to enforce its aforementioned federal trade mark registration. June 2, 2010 Order and Reasons, Rec. Doc. 20, p. 5. Therefore, this Court found that based on those facts, Who Dat Yat Chat, LLC's case should remain in federal court as the only true cause of action was a federal cause of action under the Lanham Act. Likewise, in Brocato, the court found that a petition was properly removed to federal court where (1) the plaintiffs did not rely on a specific substantive provision of state law to support their claim; (2) the plaintiffs did not own any state trademarks; and (3) the defendant owned two federal trademarks. 2003 WL 21715022 at *1 -3. The Brocato court found that these facts indicated that the underlying claim was

---

[3] Who Dat Yat Chat, LLC had brought a general action for declaratory judgment under state law without specifying which state laws it sought the declaration under. June 2, 2010 Order and Reasons, Rec. Doc. 20, p. 1. Because a declaratory action is procedural, the Court looked to the nature of the rights to be declared in order to determine whether the action presented a federal or state law cause of action.

9

actually a federal Lanham Act claim, not a state law trademark infringement claim. Id. at *3-4. Thus, the court determined that the case should remain in federal court.

In the instant case, unlike the plaintiffs in the original Who Dat case and Brocato, Monogram has set out an enumerated state law cause of action. Specifically, Monogram seeks to challenge two state law trademarks held by WDI. The cause of action cited by Monogram, Louisiana Revised Statute § 51:219, has its own state statutory scheme and is dependant upon state trademark rights, not federal rights. See Firefly Digital Inc. v. Google Inc., 817 F. Supp. 2d 846, 867 (W.D. La. 2011) (considering both state and federal trademark cancellation and analyzing federal trademark cancellation under the Lanham act separately from state trademark cancellation under La. Rev. Stat. 51:213).[4] Thus, federal law is not an essential or substantial part of Monogram's claim. Furthermore, WDI's arguments that (1) this Court has already addressed issues that will be brought up in the state court action in the original Who Dat case, and that (2) any action involving its trademarks will require analysis of its federal trademarks under the Lanham Act, actually represent

---

[4] It should be noted that although Louisiana state law on trademark cancellation is separate from federal law, Louisiana courts used the same categories as federal law to determine whether a trade name is protectable. Firefly Digital Inc., 817 F. Supp. 2d at 867.

defenses that WDI will have to bring to defeat Monogram's state law claims. As such, the Court finds that Monogram has successfully pleaded a state law cause of action and, therefore, the aforementioned claim should be remanded to state court. See La Chemise v. Alligator Co., Inc., 506 F.2d 339 (3d. Cir. 1974) (holding that a case should be remanded to state court where the plaintiff owned two state law trademarks and sought a declaratory judgment of its rights under those trademarks, not under defendant's federal trademark).

    The Court also finds that Monogram's settlement dissolution claim is a state law claim that is not removable to federal court. WDI argues that it properly removed Monogram's state court action because this Court has jurisdiction over Monogram's settlement dissolution claim by virtue of the All Writs Act. However, the Supreme Court has held that neither the All Writs Act nor a federal court's ancillary jurisdiction provide federal district courts with the original jurisdiction necessary for a litigant to remove an action under 28 U.S.C. § 1441. Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 31- 34 (2002). To the extent that this Court retained jurisdiction over the

settlement agreement,[5] such jurisdiction is a product of the Court's ancillary jurisdiction. See Kokkonen, 511 U.S. at 378-81 (explaining that enforcement of a settlement agreement falls under a federal court's ancillary jurisdiction "to manage its proceedings, vindicate its authority, and effectuate its decrees."). Because the Court's jurisdiction to effectuate its decrees is not a form of original jurisdiction, it cannot independently provide a jurisdictional basis for WDI's removal of this action from state court under 28 U.S.C. § 1441. Syngenta, 537 U.S. at 34. Therefore, the Court finds that Monogram's settlement dissolution claim should also be remanded to state

---

[5] One way in which a court may retain jurisdiction over a settlement agreement is by entering a separate provision in the dismissal order noting that it retains jurisdiction. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 378-81 (1994). On October 29, 2012, this Court issued a sixty day order dismissing the previous Who Dat case. The order provided that, "this action is hereby dismissed without costs, but without prejudice to the right upon good cause shown, within sixty days, to seek summary judgment *enforcing the compromise* if it is not consummated by that time." October 29, 2012 Order of Dismissal, Rec. Doc. 527 (emphasis added). Thus, the dismissal order clearly provided that for the next sixty days, this Court would retain jurisdiction to enforce the settlement. Monogram's own actions make it abundantly clear that Monogram was aware that the Court had retained jurisdiction over the settlement during that time period. In particular, the Court notes that on November 14, 2012, just five days before this action was filed in state court, Monogram contacted Magistrate Judge Roby to inform her of the same alleged violation of the settlement agreement referenced in Monogram's state court petition. Ex. 3 to Def.'s Opp., Rec. Doc. 563-3, pp. 1-2. As WDI explains in its opposition, and this Court has confirmed with Magistrate Judge Roby, after informing Magistrate Judge Roby of the alleged violation, Monogram sought dissolution of the agreement. Def.'s Opp., Rec. Doc. 563, p. 4. Magistrate Judge Roby found that the agreement should not be dissolved and instead ordered WDI to take the offending press release off of its website. Having failed to receive the desired result in federal court, Monogram then filed an action in state court on November 19, 2012, approximately thirty-nine days before this Court's jurisdiction over enforcement of the settlement expired.

court.

Lastly, Monogram argues that it is entitled to an award of attorney's fees under 28 U.S.C. § 1447(c) because WDI's removal of this action was objectively unreasonable. However, the Court disagrees and declines to award Monogram attorney's fees in this matter. Accordingly,

**IT IS ORDERED** that Monogram's motion is **GRANTED in part** and **DENIED in part** as follows. To the extent that Monogram seeks to have the instant case remanded to state court Monogram's motion is **GRANTED**. To the extent that Monogram requests an award of attorney's fees Monogram's motion is **DENIED.**

**IT IS FURTHER ORDERED** that the above-captioned matter be **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana this 5th day of June, 2013.

*[signature]*

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

13